UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOHN RANNIGAN, ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 1:08-CV-256 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| LONG TERM DISABILITY INSURANCE ) | |
| FOR EMPLOYEES OF SCHWAN'S ) | |
| SHARED SERVICES, LLC, SCHWAN'S ) | |
| SHARED SERVICES LLC, and STANDARD ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Before the Court is a motion to dismiss filed by Defendant Schwan's Shared Services LLC ("Shared Services") (Court File No. 16) and a supporting memorandum. Plaintiff John Rannigan filed a response to Defendant's motion (Court File No. 18); Defendant did not file a reply. For the following reasons, the Court will **GRANT** Defendant's motion and will **DISMISS** Defendant Schwan's Shared Services LLC from this action.

### I. RELEVANT FACTS

According to his complaint, Plaintiff participated in an employee welfare benefit plan established by his employer, Shared Services. The plan provided long term disability insurance coverage under the terms of a group disability insurance policy issued to Shared Services by Defendant Standard Insurance Company ("Standard"). At some point, Plaintiff developed a disability and ceased work while covered by the plan. Plaintiff alleges, however, that Standard has failed to pay disability benefits despite Plaintiff providing Standard with evidence of his continuing

disability. Plaintiff further alleges that Standard "is the party obligated to determine eligibility for benefits under the Plan" and that "Standard insures the benefits due under the plan and is the party obligated to pay any benefits owed to Plaintiff" (Compl. ¶¶ 7–8).

Plaintiff alleges he has exhausted his administrative remedies, and on December 17, 2008, filed his complaint for long term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* On March 2, 2009, Shared Services filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6), and Plaintiff timely responded.

## II. STANDARD OF REVIEW

When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998), accept the complaint's factual allegations as true, *Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994), and determine whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In deciding a motion to dismiss, the question is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). At the same time, bare assertions of legal conclusions are insufficient, and the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Unsupported allegations and legal conclusions "masquerading as factual conclusions" are insufficient to prevent a motion to dismiss. *Id.*

2

**III.     DISCUSSION**

Shared Services argues that only Standard had discretionary authority to determine Plaintiff's benefit eligibility. Because Shared Services acted only as a plan administrator without discretionary authority, it argues, it is improperly included as a party defendant and should be dismissed. Plaintiff argues Shared Services, as plan administrator, owed certain duties to plan participants. Having failed to fulfill those obligations, Plaintiff argues, Shared Services is properly named in this action.

The United States Court of Appeals for the Sixth Circuit has determined that the only proper defendants in ERISA claims resulting from benefit denials are those who participate in the decision to deny benefits. *Moore v. Lafayette Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2007). An insurance company, or claims administrator, becomes a "fiduciary" for ERISA purposes when it has the authority to grant or deny claims. *Id.* However, a plan administrator or employer "who does not control or influence the decision to deny benefits is not the fiduciary with respect to denial of benefit claims" and, therefore, is not a proper party defendant. *Id.* (citing *Chiera v. John Hancock Mut. Life Ins. Co.*, 3 F. App'x 384, 389 (6th Cir. 2001)).

*Moore*'s distinction between the plan administrator and the claims administrator is more than a mere nomenclatural difference. Under ERISA, a plan administrator is the "plan sponsor" unless otherwise specified in the plan, *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 584 (6th Cir. 2002) (citing 29 U.S.C. § 1002(16)(A)(ii)), and, as such, is responsible for administrative matters such as reporting summary plan descriptions to beneficiaries, 29 U.S.C. § 1021(a). In contrast, the claims administrator has discretionary authority to make decisions regarding whether to award or deny benefits, and must afford denied claimants notice and an opportunity for appeal. *See Moore*, 458 F.3d at 436 (citing 29 U.S.C. § 1133). Generally, the insurance company issuing a group policy

3

subject to ERISA is not considered a plan administrator. *See Caffey*, 302 F.3d at 584 (citing *Vanderklok v. Provident Life & Accident Ins. Co.*, 956 F.2d 610, 618 (6th Cir. 1992)). In some situations, it may be unclear whether the plan administrator or claims administrator has exclusive control over administration of the plan or benefit decisions, and indeed, some cases may divide administrative responsibilities between the two or allocate some discretionary responsibilities to the plan administrator. *See, e.g.*, *Fendler v. CNA Group Life Assurance Co.*, 247 F. App'x 754, 758 (6th Cir. 2007). Here, however, the policy issued by Standard unambiguously stated

> we have full and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy . . . . Our authority includes but is not limited to . . . the right to determine . . . entitlement to benefits . . . . Subject to the review procedures of the Group Policy, any decision we make in the exercise of our authority is conclusive and binding.

(Court File No. 17 Ex. A, at 33) ("Allocation of Authority").

The Court reads this statement as clarifying that Standard—not Shared Services—had plenary, discretionary authority to make benefit decisions for disability claimants covered by the Group Policy. *See also Gutta v. Standard Select Trust Ins. Plans*, 530 F.3d 614, 619 (7th Cir. 2008) (holding this same language "unambiguously communicates the message that payment of benefits is subject to Standard's discretion"). Contrary to Plaintiff's argument, the Court can find no suggestion that this Allocation of Authority was in any way "explicitly modified" by the Certificate and Summary Plan Description issued by Standard, because the provision highlighted by Plaintiff in the latter does not conflict with the Allocation of Authority section. Rather, the relevant excerpt of the Certificate and Summary Plan Description summarizes an employee's rights and a *plan administrator's* obligations under ERISA (Court File No. 18 Ex. 1, at 29–30). It says nothing about the obligations of the entity that makes benefit decisions, and bears no indication that Shared

4

Services, as the plan administrator, made those decisions in this case. Instead, the clear conclusion from the language of the two documents is that while Shared Services had responsibility for such matters as notifying employees of the ERISA rights, answering claim-related questions, and making available important documents, it was Standard that had complete power over claim eligibility determinations. Under the Sixth Circuit's holding in *Moore*, Standard (and the Plan itself) would be the only parties properly named as party defendants. On the other hand, because there is no indication Shared Services had authority to make benefit decisions, it is not properly named as a party defendant.

Plaintiff's response consists mainly of pointing out the roles Shared Services played as plan administrator: "furnishing a notice of rights under ERISA, making available the plan documents for inspection, providing copies of the plan documents and annual financial reports, and indeed 'answer[ing] any questions about the Plan.'" (Court File No. 18, at 4.) Yet while these functions may indicate a large role for Shared Services in administering the day-to-day operations of the plan, they say nothing about Shared Services having discretionary authority to make benefit decisions, as required for a party defendant under *Moore*. Indeed, Plaintiff's complaint alleges it was Standard, not Shared Services, that was "the party obligated to determine eligibility for benefits under the Plan" (Compl. ¶ 7). Even Plaintiff's allegation that Shared Services, as plan administrator, had some degree of control over administration of the plan (Court File No. 18, at 5) is flawed for the same reason. Plaintiff has not alleged anything suggesting Shared Services possessed the discretionary authority to make benefit decisions, and under Sixth Circuit law, this is insufficient to keep Shared Services in the action as a party defendant.

Lastly, Plaintiff maintains Shared Services should remain in the action because it has

allegedly breached the fiduciary duties it owed to Plaintiff, including the administration of collateral benefits dependent upon a finding of disability. However, Plaintiff did not allege a breach of fiduciary duty in his complaint; the only cause of action Plaintiff stated was related to the denial of plan benefits under 29 U.S.C. § 1132(a)(1)(B) (Compl. ¶¶ 24–35). The Sixth Circuit has made clear that when § 1132(a)(1)(B) provides a remedy for a plaintiff's alleged injury, the plaintiff does not have a right to a cause of action for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3), as this would allow all ERISA claimants to characterize any denial of benefits as a breach of fiduciary duty. *Moore*, 458 F.3d at 428 (citing *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996); *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 615–16 (6th Cir. 1998)). Here, even if Plaintiff had stated a separate cause of action for breach of fiduciary duty in his complaint (and he did not), the Court finds any breach of duty would have been directly related to, and seeking the same remedy as, his claim for denial of benefits. Accordingly, § 1132(a)(3) provides no remedy to Plaintiff, and breach of fiduciary duty is not a theory which will keep Shared Services in this action.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Shared Services' motion and will **DISMISS** Shared Services from this case. The other two Defendants will remain in the action.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**